UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
:
NICHOLAS HARRISON,  : CASE NO. 1:11-CV-1956
:
       Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 1]
STATE OF OHIO, :
:
       Defendant. :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Nicholas Harrison filed this action under 42 U.S.C. § 1983 against the State of Ohio. In the Complaint, Plaintiff alleges he is being denied a speedy trial. He seeks monetary damages.

## I. Background

Plaintiff's Complaint is very brief. He states:

> Petitioner *Pro se* Nicholas Harrison seeks to pursue a civil action in this honorable court due to 'abuse of process' which critically affects Petitioner's Constitutional Amendments. Petitioner's Constitutional rights were not met to standard procedure of law, also due to 'negligence' and lack of prosecution in a 'timely manner' in a lawful procedure to rights to federal and state inmates.

ECF No. 1 at 1. He quotes the Fifth and Sixth Amendments in their entirety, and claims he has been denied a speedy trial by the Cuyahoga County courts.

## II. Legal Standard

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), a district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the Court concludes that the Complaint fails to state a claim upon which relief may be granted, or if the Plaintiff seeks monetary relief from a Defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167 , at *2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

As an initial matter, the State of Ohio is immune from damages. The Eleventh Amendment is an absolute bar to the imposition of liability upon States and their agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985). Because the State of Ohio is the only Defendant in this action, this case is subject to dismissal on this basis alone.

Moreover, even if this action were brought against the State of Ohio for some other form of relief, this Court could not entertain Plaintiff's claims. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present in this case. The issues presented in the Complaint are clearly the subject of a state court criminal matter, which are of paramount

state interest. *See Younger*, 401 U.S. at 44-45. Furthermore, Plaintiff has not set forth facts which reasonably suggest the Ohio courts cannot or will not provide an adequate opportunity for him to raise his constitutional claims.[1] Consequently, this Court is required to abstain from intervening in the Cuyahoga County Court of Common Pleas proceedings.

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.


Dated: December 2, 2011                         *s/         James S. Gwin*
                                                JAMES S. GWIN
                                                UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff attaches a portion of the docket from his criminal case. That docket reveals Plaintiff failed to appear for trial and his bond was forfeited. Later, he failed to appear for a pre-trial resulting in another bond forfeiture. Plaintiff has filed a Motion to Dismiss the Charges and a Motion to Discharge for Delayed Trial in that court on September 29, 2011 and October 13, 2011 respectively. The common pleas court has not yet ruled on those Motions. *See State of Ohio v. Harrison*, No. CR-09-520597 (Cuyahoga Cty Ct. Comm. Pl. indictment filed Feb. 5, 2009). Cuyahoga County Court of Common Pleas dockets can be viewed at: http://cpdocket.cp.cuyahogacounty.us/

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.